UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: JEREMIAH RUSSELL YOHE and KAYLA PRECIOUS YOHE  Debtor(s) | : | CHAPTER 13 |
| CHARLES J. DEHART, III STANDING CHAPTER 13 TRUSTEE  Movant | : | |
| vs. | : | |
| JEREMIAH RUSSELL YOHE and KAYLA PRECIOUS YOHE  Respondent(s) | : | CASE NO. 1-20-bk-00601 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 9th day of April, 2020, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon the Means Test calculation and specifically disputes the following amounts:

    a. Plan payment calculation sum of Lines 34, 35, 36 45.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. Sec. 507.

3. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(b)(1) in that the plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the plan provides for payment of:

    a. Student loan

4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. The plan is inconsistent with Proofs of Claims filed and/or approved by the Court.

5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. 2019 Federal Income Tax return.

6. The Trustee provides notice to the Court as to the ineffectiveness of debtor(s) Chapter 13 Plan for the following reasons:

   a. Clarification of debtor(s) counsel fees which are in conflict with 2016(b) Statement.
   b. Wrong box checked; debtors are over median income.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 13th day of April, 2020, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Dawn Marie Cutaia, Esquire
115 East Philadelphia Street
York, PA 17401

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee